# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

VAN CHESTER THOMPKINS, Jr.

    Petitioner,

v.

DUNCAN MACLAREN,

    Respondent.

_____/

Case No. 17-cv-14106
Hon. Matthew F. Leitman

## ORDER DIRECTING CLERK OF THE COURT TO TRANSFER SUCCESSIVE PETITION FOR WRIT OF HABEAS CORPUS TO UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT

Petitioner Van Chester Thompkins, Jr. is a state prisoner confined at the Kinross Correctional Facility in Kincheloe, Michigan. On December 20, 2017, Thompkins filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (*See* ECF #1.) In his *pro se* petition, Thompkins challenges his 2002 state-court conviction of one count of first-degree murder, Mich. Comp. Laws § 750.316; one count of assault with intent to commit murder, Mich. Comp. Laws § 750.83; three counts of possession of a firearm in the commission of a felony, Mich. Comp. Laws § 750.227b; one count of felon in possession of a firearm, Mich. Comp. Laws § 750.224f; and one count of carrying a concealed weapon in a motor vehicle, Mich. Compl. Laws § 750.227. Because the Court concludes that the present petition constitutes a "second or successive petition" within the meaning of 28 U.S.C.

1

§ 2244(b)(3), the Court will direct the Clerk of the Court to **TRANSFER** this matter to the United States Court of Appeals for the Sixth Circuit.

# I

Thompkins was convicted of the state crimes described above following a jury trial in the Oakland County Circuit Court. After exhausting his state court appellate remedies, Thompkins filed a petition for writ of habeas corpus in this Court. *See Thompkins v. Berghuis,* E.D. Mich. Case No. 05-cv-70188-DT. Another judge of this Court denied Thompkins' 2005 petition on the merits. *See Thompkins v. Berghuis*, 2006 WL 2811303 (E.D. Mich. Sep. 28, 2006). Thompkins appealed that ruling to the Sixth Circuit, and that court reversed in part and granted Thompkins habeas relief. *See Thompkins v. Berghuis*, 547 F.3d 572, 575 (6th Cir. 2008). The United States Supreme Court subsequently reversed the Sixth Circuit's ruling and remanded with instructions to deny Thompkins habeas relief. *See Berghuis v. Thompkins,* 560 U.S. 370 (2010); *reh. den.* 561 U.S. 1046 (2010).

Thompkins thereafter returned to this Court, where he filed a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b). Another judge of this Court denied Thompkins' motion. *See Thompkins v. Berghuis,* 2011 WL 835927 (E.D. Mich. Mar. 8, 2011). The Sixth Circuit affirmed the district court's ruling and treated Thompkins' appeal as a request for permission to file a successive

or second habeas petition, which it denied. *See Thompkins v. Berghuis,* Case No. 11-1583 (6th Cir. Jan. 2, 2013).

In Thompkins' currently-filed petition, he again seeks federal habeas relief from his state-court convictions. (*See* ECF #1.)

## **II**

An individual seeking to file a second or successive habeas petition must first ask the appropriate court of appeals for an order authorizing the district court to consider the petition. *See* 28 U.S.C. § 2244(b)(3)(A); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 641 (1998). When a habeas petitioner files a second or successive petition for relief in the district court without preauthorization from the court of appeals, the district court must transfer the document to the court of appeals. *See In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) (holding that "when a second or successive petition for habeas corpus relief or [a] § 2255 motion is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631.").

As described above, Thompkins has previously filed a habeas petition with this Court in which he challenged his state-court convictions. That petition was denied on the merits. And Thompkins has not received preauthorization from the Sixth Circuit to file a second or successive habeas petition. Therefore, Thompkins

3

cannot proceed with the present petition unless and until he first obtains permission to file a second or successive habeas petition from the Sixth Circuit.

## III

Accordingly, for the reasons stated above, **IT IS HEREBY ORDERED** that the Clerk of the Court shall transfer Thompkins' petition for habeas relief (ECF #1) to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631.

s/Matthew F. Leitman  
MATTHEW F. LEITMAN  
UNITED STATES DISTRICT JUDGE

Dated: January 9, 2018

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on January 9, 2018, by electronic means and/or ordinary mail.

s/Holly A. Monda  
Case Manager  
(810) 341-9763
